IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OCTAVIUS DANYELL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:21-CV-711-WHA-CSC |
| ) | |
| JASON SMOAK, *et al.*, ) | |
| ) | |
| Defendants. | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Octavius Danyell Brown filed this 42 U.S.C. § 1983 action on October 22, 2021. On January 31, 2022, the Court entered an order, a copy of which was mailed to Plaintiff. Doc. 16. On February 14, 2022, Plaintiff's copy of this order was returned to the Court marked as undeliverable because Plaintiff is no longer detained at the last service address he provided.[1] Accordingly, the Court entered an Order on February 16, 2022, requiring that by March 2, 2022 Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 17. This Order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and informed him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff has failed to comply with the February 16, 2022, Order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). Here, the undersigned finds Plaintiff's failure to provide a current address

---

[1] The last service address of record for Plaintiff is the Houston County Jail in Dothan, Alabama.

reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence.  The Court, therefore, concludes this case is due to be dismissed.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that objections to the Recommendation must be filed **March 23, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of March, 2022.

    /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE